UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MONZELLE L. STEPTOE, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-516 |
| | § § | |
| RICK THALER, | § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Monzelle L. Steptoe (TDCJ #1622644) seeks habeas corpus relief from his 2010 convictions for aggravated robbery and aggravated kidnapping which resulted in sentences of sixty years. Because the Court finds that Texas state courts have not considered the merits of the claims Steptoe raises in his federal habeas petition, the petition is **DISMISSED** without prejudice for failure to exhaust state court remedies.

The unusual procedural history of Steptoe's direct appeal and state court habeas application demonstrates his failure to exhaust. On January 6, 2011, the Fourteenth Court of Appeals rejected his direct appeal. *Steptoe v. State*, No. 14-10-00131-CR, 2011 WL 61854 (Tex.App. — Houston [14th Dist.] 2011). Steptoe asserted the following claims in that appeal: (1) that the evidence was insufficient to show he intended to commit theft or that he used a deadly weapon as required for the aggravated robbery conviction; (2) that DNA evidence did not sufficiently identify him as the perpetrator; and (3) that the evidence was insufficient to prove the elements of

aggravated kidnapping. The Texas Court of Criminal Appeals refused discretionary review on June 15, 2011, but the mandate from that ruling did not issue until November 1, 2011.

On June 30, 2011, before the mandate had issued from the Texas Court of Criminal Appeals refusal to hear the direct appeal, Steptoe filed his state habeas application. On September 7, 2011, the Texas Court of Criminal Appeals dismissed the habeas application because the direct appeal was still pending given that the mandate had not issued. Steptoe made no other filings in state court.

On October 26, 2011, he filed his federal habeas petition. Currently pending before the Court is respondent's motion to dismiss for failure to exhaust state remedies.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner seeking federal habeas relief must have exhausted available state court remedies with respect to every claim raised in the federal petition. 28 U.S.C. § 2254(b)(1); *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). In Texas, a criminal defendant may challenge a conviction by (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals and (2) filing a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c). Thus, Texas "[h]abeas petitioners must exhaust state remedies through one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). The fact that an

appeal has "been through" the state court system is not enough to satisfy the exhaustion requirement; the highest court must have a reasonable opportunity to consider the merits of the claims presented in a federal habeas petition. *See Picard v. Connor*, 404 U.S. 270 (1971).

The claims Steptoe asserts in his federal petition have not been exhausted because he did not raise them in his direct appeal and his state habeas application was dismissed on procedural grounds. Liberally construed, Steptoe presents the following grounds for relief in his federal petition: (1) his *Miranda* rights were violated during custodial interrogation; (2) his confession was coerced; (3) the state withheld exculpatory DNA evidence; and, (4) he received ineffective assistance of appellate counsel. The claim alleging the withholding of exculpatory DNA evidence appears to be distinct from the claim Steptoe raised on direct appeal concerning the probative value of the DNA evidence introduced at trial. But even if that claim is sufficiently similar to the DNA-related claim raised in his direct appeal, the Court must still dismiss the petition because none of the other claims have been exhausted. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (explaining that courts should dismiss without prejudice "mixed" petitions containing both exhausted and unexhausted claims) (citing *Rose v. Lundy*, 455 U.S. 409 (1982)).

Because his direct appeal is no longer pending, Steptoe may satisfy the exhaustion requirement by properly submitting a state habeas application under TEX. CODE CRIM. PRO. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Steptoe may file another petition in federal court after he has satisfied the

exhaustion requirement; however, he is advised that he is subject to a one-year statute of limitations under 28 U.S.C. §2244(d). Accordingly, at this time, the Court dismisses Steptoe's petition for failure to exhaust his claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A).

## CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). The exhaustion requirement for federal habeas corpus relief is well established; therefore, the Court concludes that jurists of reason would not debate the correctness of the procedural ruling in this case. Accordingly, a certificate of appealability will not issue.

The Court therefore **ORDERS** the following:

1. Respondent's Motion to Dismiss (ECF No. 30) is **GRANTED**.

2. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice for failure to exhaust state court remedies.

3. A Certificate of Appealability is **DENIED.**

SIGNED this 1st day of March, 2013.

                                                                    Gregg Costa  
                                                            United States District Judge